IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

DUSTIN YOUNG,

        Petitioner,    :    Case No. 1:23-cv-37

- vs -    District Judge Michael R. Barrett
   Magistrate Judge Michael R. Merz

JOHN R. SWANEY,

   :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS

This habeas corpus case is before the Court on Respondent's Motion to Dismiss under Fed.R.Civ.P. 12(b)(1) and 12(b)(6)(the "Motion," ECF No. 6).  The Motion was filed June 27, 2023, and served on Petitioner's counsel through the CM/ECF filing system.  Under S. D. Ohio Civ. R. 7.2, Petitioner's time to file a memorandum in opposition to the Motion expired July 18, 2023, but no opposition has been filed.[1]  A motion to dismiss involuntarily is a dispositive motion on which an assigned Magistrate Judge must recommend rather than make a decision.

The grant of power to issue the writ of habeas corpus is found in 28 U.S.C. § 2241 which grants that authority to any federal judge within his or her jurisdiction.  Petitioner alleges he is custody of Respondent Sheriff of Madison County, Ohio, by virtue of his conviction in the Butler County Court of Common Pleas on charges of gross sexual imposition and abduction and

---

[1] Petitioner has sought and received several extensions of time to file his Reply/Traverse and filed within the time thus extended.  However,

1

consequent imposition of registration and reporting duties under the Adam Walsh Act (Petition, ECF No. 1, ¶ 5). Both Butler and Madison Counties are within the Southern District of Ohio[2]. 28 U.S.C. § 115(b). Therefore any Article III judge of this District, including Judge Barrett, has authority to grant the writ as to Petitioner provided other pre-requisites to habeas relief are satisfied.

Although the Court has jurisdiction to issue the writ, Petitioner has sued the wrong Respondent. Petitioner claims he is in custody by virtue of his registration and reporting obligations. Supervision of his compliance with those provisions rests with the Sheriff of his county of residence, Madison County[3]. However being required to register and report under the Adam Walsh Act does not constitute being "in custody" for purposes of habeas corpus. *Hautzenroeder v. DeWine*, 887 F.3d 737 (6th Cir. 2018). Therefore Respondent Sheriff of Madison County should be dismissed with prejudice as a party to this case.

This case was filed January 17, 2023 (Petition, ECF No. 1). Respondent avers "Petitioner was on community control when he filed his Petition. The Butler County Common Pleas Court terminated Young's community control on February 27, 2023." A person who is on probation or parole at the time he files his habeas petition satisfies the custody requirement. Jones v. Cunningham, 371 U.S. 236 (1963); *Miskel v. Karnes*, 397 F.3d 446 (6th Cir. 2005); *Tiitsman v. Black*, 536 F.2d 678 (6h Cir. 1976); *United States ex rel Baker v. Finkbeiner*, 551 F.2d 180 (7th Cir. 1977); *United States ex rel. Rybarik v. Maroney*, 406 F.2d 1055 (3rd Cir, 1969). The Court would therefore entertain a motion to substitute the Butler County Court of Common Pleas, made

---

[2] Madison County is in the Eastern Division of the District and Butler County is in the Western Division, per 28 U.S.C. § 115(b)(1) and (2). Since the proper Respondent is the Butler County Common Pleas Court, the case is properly venued in the Western Division. S. D. Ohio Civ. R. 82.1. Magistrate Judge Bowman transferred this case to the Western Division pursuant to this Rule. (ECF No. 2).

[3] The Civil Cover Sheet lists Petitioner's residence as being in London, Ohio, which is in Madison County. PageID 5.

not later than October 23, 2023.

October 10, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

> s/ *Michael R. Merz*
> United States Magistrate Judge