IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

DUSTIN YOUNG,

      Petitioner,    :    Case No. 1:23-cv-037

- vs -    District Judge Michael R. Barrett
   Magistrate Judge Michael R. Merz

JOHN R. SWANEY,

                            :

      Respondent.

## SUPPLEMENT TO REPORT AND RECOMMENDATIONS

This is a habeas corpus case in which Petitioner is represented by counsel, Christopher Pagan.

On October 10, 2023, the undersigned recommended the Court grant the Motion to Dismiss of Respondent John Swaney who was sued in his official capacity as Sheriff of Madison County, Ohio, and in that capacity as the official responsible for monitoring Petitioner's compliance with the Adam Walsh Act as a registered sex offender (Report, ECF No. 16).  The Report reasoned that Sheriff Swaney was not the custodian of Petitioner, based on *Hautzenroeder v. DeWine*, 887 F.3d 737 (6th Cir. 2018), which plainly held, in affirming a subject matter dismissal by District Judge Barrett, that being required to report under Adam Walsh does not constitute being in custody.  The Report reminded the parties that they could object to the recommendation within fourteen days of its filing.  Neither party filed an objection within the fourteen days allowed by law, to wit, by October 24, 2023.

However, on October 25, 2023, without seeking permission to file late, Petitioner's counsel filed a document labeled "Motion to Add Respondent and to Maintain the Habeas Action Against Respondent Swaney" (ECF No. 19).

The Motion to Add the Butler County Court of Common Pleas as a Respondent is GRANTED. At least according to the dates furnished to this Court, Petitioner was still on probation to the Butler County Court when he filed this action and being subject to a probation sentence satisfies the custody requirement for habeas jurisdiction. *Miskel v. Karnes*, 397 F.3d 446 (6th Cir. 2005); *Tiitsman v. Black*, 536 F.2d 678 (6h Cir. 1976); *United States ex rel Baker v. Finkbeiner*, 551 F.2d 180 (7th Cir. 1977); *United States ex rel. Rybarik v. Maroney*, 406 F.2d 1055 (3rd Cir, 1969). "Individuals subject to post-release control, like individuals subject to supervised release in the federal system, satisfy the 'in custody' requirement." *Nian v. Warden,* 994 F.3d 746 (6th Cir. 2021), quoting *In re Stansell,* 828 F.3d 412, 416 (6th Cir. 2016). The fact that the probation sentence subsequently terminated does not render the habeas petition moot. *Maleng v. Cook*, 490 U.S. 488 (1989).

Petitioner "persists in maintaining this action against the Madison Sheriff as a respondent." (ECF No. 19, PageID 710). But there is Sixth Circuit precedent squarely to the contrary. In *Hautzenroeder v. DeWine*, 887 F.3d 737 (6th Cir. 2018), that being required to register and report under the Adam Walsh Act does not constitute being "in custody" for purposes of habeas corpus. To the same effect is *Leslie v. Randle,* 296 F.3d 518 (6th Cir. 2002). In the Report and Recommendations recommending dismissal of the Madison County Sheriff, the Magistrate Judge cited *Hautzenroeder*[1], but Petitioner has failed to discuss or even cite it. Because it remains

---

[1] *Hautzenroeder* was on appeal from a decision of Judge Barrett dismissing a habeas petition for lack of subject matter jurisdiction. Since this case is also assigned to Judge Barrett, Petitioner would bear the burden of persuading him he was in error before, even if the appellate case had gone off on another point. Note also that in ruling as he did, Judge Barrett adopted a recommendation of one of the District's Magistrate Judges.

binding published precedent of the Sixth Circuit, the Magistrate Judge "persists" in his recommendation that the Madison County Sheriff, John Swaney, be dismissed as a respondent. If there are aspects of the Adam Walsh reporting that Petitioner wishes to challenge as unconstitutional, he may be able to make that challenge in a case under 42 U.S.C. § 1983, but not in habeas corpus.

    Now that the Court has satisfied itself that it has a Respondent who had custody of Petitioner when he filed this case, the Magistrate Judge will re-issue the Order for Answer to the new Respondent.

October 27, 2023.

s/ *Michael R. Merz*
United States Magistrate Judge
