# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DUSTIN YOUNG,

        Petitioner,        :        Case No. 1:23-cv-037

  - vs -                              District Judge Michael R. Barrett
                                     Magistrate Judge Michael R. Merz

BUTLER COUNTY COURT OF
 COMMON PLEAS,

                                     :
        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought by Petitioner Dustin Young with the assistance of counsel, Christopher Pagan. On October 27, 2023, the undersigned granted Petitioner's Motion to Add the Butler County Court of Common Pleas as a Respondent (ECF No. 20) and ordered the new Respondent to answer the Petition (ECF No. 21). On November 29, 2023, that Court filed a Return of Writ raising a number of affirmative defenses (ECF No. 24). In the Amended Order for Answer, the Court set a reply date of twenty-one days after the Amended Return was filed (ECF No. 21). That time expired December 20, 2023, and no reply has been filed. The case is therefore ripe for decision on the Answer of Butler County Court of Common Pleas.

Young initially sued the Sheriff of Madison County, Ohio, who was supervising him as a person required to register as a sex offender[1] (Petition, ECF No. 1). The Magistrate Judge

---

[1] Petitioner's obligation to register arose from his conviction in the Butler County Court of Common Pleas on charges of gross sexual imposition and abduction.

1

recommended the Sheriff be dismissed with prejudice because being required to register under the Adam Walsh Act does not satisfy the "custody" requirement for habeas jurisdiction (Report and Recommendations, ECF No. 16, relying on *Hautzenroeder v. DeWine*, 887 F.3d 737 (6th Cir. 2018)). Although Petitioner objected (ECF No. 22), District Judge Barrett has overruled those objections and dismissed Sheriff Swaney with prejudice (ECF No. 25).

The Butler County Common Pleas Court also seeks dismissal with prejudice. The Common Pleas Court asserts Young was not in custody when he filed his motion to add the Common Pleas Court as a Respondent, also relying on *Hautzenroeder* (Return, ECF No. 24, PageID 1428). The Common Pleas Court also seeks dismissal because the motion to add it as a party was not made until after the statute of limitations, 28 U.S.C. § 2244(d), had expired. *Id.* at PageID 1429, relying on *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313 at 318 (6th Cir. 2010)). Petitioner has not responded to either defense.

Both defenses are well taken. It is the law of the case, established by judge Barrett's dismissal of Sheriff Swaney, that a sex offender reporting requirement does not constitute custody for habeas purposes. And the Petition herein was filed January 17, 2023, only one day shy of the anniversary of direct appeal finality by virtue of the Ohio Supreme Court's decline of appellate jurisdiction (Entry, State Court Record, ECF No. 23-21, PageID 1426.)

**Conclusion**

In accordance with the foregoing analysis, the Magistrate Judge respectfully recommends that the Butler County Court of Common Pleas be dismissed with prejudice as a Respondent. Because this will resolve all issues in the case, the Clerk should be instructed to enter final

judgment dismissing all claims with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 27, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>United States Magistrate Judge