**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

DUSTIN YOUNG,

Petitioner, : Case No. 1:23-cv-37

- vs - District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

JOHN R. SWANEY,

:

Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR CERTIFICATE OF APPEALABILITY

This habeas corpus case is before the Court on Petitioner's Motion for a Certificate of Appealability (ECF No. 27) which Respondent opposes (ECF No. 28).

Judge Barrett has already dismissed with prejudice the case against the original Respondent, the Sheriff of Madison County (ECF No. 25). The Magistrate Judge has recommended dismissing the remaining Respondent, the Butler County Court of Common Pleas (ECF No. 26). That Report includes a recommendation that the Court deny a certificate of appealability. *Id.* at PageID 1438. Neither party objected to that Report, but Petitioner filed the instant Motion within the time allowed for objections and is therefore entitled to its consideration.

Petitioner agrees that binding Sixth Circuit precedent holds that a person required to register as a sex offender is not in custody for habeas corpus purposes. Motion at PageID 1439, citing *Hautzenroeder v. DeWine*, 887 F.3d 737 (6th Cir. 2018). However, he argues, reasonable jurists could and have disagreed with that conclusion, citing *Piasecki v. Court of Common Pleas,*

*Bucks Cnty., PA,* 917 F.3d 161 (3rd Cir. 2019).

The Magistrate Judge agrees that *Piasecki* is a well-reasoned opinion relying on relevant Supreme Court decisions interpreting the "custody" requirement for habeas corpus. But *Piasecki* is irrelevant to the issue of a certificate of appealability in this case. What it shows is that reasonable jurists can disagree about the meaning of "custody" in habeas corpus jurisprudence generally. What it does **not** show is that any reasonable jurist would conclude that sex offender registration is sufficient custody in the Sixth Circuit so long as *Hautzenroeder* is controlling law here. As a published opinion of the Sixth Circuit precisely in point, it must be followed by all District Court and all subsequent Sixth Circuit panels unless overruled *en banc. See Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) ("A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting *en banc* overrules the prior decision."). While reasonable jurists might debate the meaning of custody in general, it is indisputable that sex offender registration is not custody in the Sixth Circuit now.

The requirement for a certificate of appealability on the part of an unsuccessful habeas petitioner is an unusual aspect of habeas law. Ordinarily any successful litigant in the District Court can appeal. The requirement was added to Title 28 as a part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). As enacted, it imposes an obligation on the courts of appeal, but those courts promptly "delegated" the initial decision to the district courts and that delegation is now codified in the Rules Governing § 2254 Cases. If a district court errs in denying a certificate, the court of appeals retains de novo authority to grant a certificate. If that court were to adopt a broader understanding of the criteria

for appeal (if, for example, the reviewing judge wanted to give the en banc court an opportunity to overrule *Hautzenroeder*), they could grant a certificate with little risk of reversal. Our task, however, is narrower. If *Hautzenroeder* did not exist and there were other district courts which had ruled as the *Piesacki* court did, the undersigned would have no hesitation in recommending a certificate. But that is not our situation.

Respondent Butler County Court of Common Pleas points out that *Piesacki* is an outlier (ECF No. 28, PageID 1442, citing *Clement v. Florida*, 59 F.4th 1204 (11th Circ. 2023)("The great majority of the circuit courts have held that persons subject to sexual offender registration and reporting statutes are not 'in custody' for purposes of habeas corpus relief"). *Id.* at 1212.

Butler County also notes that the fact that Ohio treats offender registration as punishment and imposes it as part of the criminal judgment is not determinative of custody. (ECF No. 28, PageID 1442, citing *Corridore v. Washington*, 71 F.4th 491, 496 (6th Cir. 2023)). A fine imposed as part of a criminal judgment is obviously punitive, but that does not make it custodial.

Accordingly, the Magistrate Judge again recommends that Petitioner be denied a certificate of appealability.

February 1, 2024.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond

to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge