UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Dustin Young, | ) |
| Petitioner, | ) Case No.: 1:23-cv-037 |
| vs. | ) Judge Michael R. Barrett |
| Butler County Court of Common Pleas, | ) |
| Respondent. | ) |

**ORDER**

This matter is before the Court on two separate, but related, Reports and Recommendations (R&R) entered by the Magistrate Judge on December 27, 2023 (Doc. 26) and on February 2, 2024 (Doc. 29).

I. **PREVIOUS R&R**

**The October 10, 2023 R&R (as supplemented on October 27, 2023).** Represented by counsel, Dustin Young, who resides in London, Madison County, Ohio, filed a Petition for a Writ of Habeas Corpus on January 17, 2023. (Doc. 1). He named Madison County Sheriff John R. Swaney as Respondent. Young alleged that he was "confined" by the Madison County Sheriff because "[h]e is serving a 15-year Adam Walsh sex-registration sentence imposed by the Butler County Common Pleas Court, Hamilton, Ohio; *State v. Young*, Case No. CR2017-04-0695." (Id. ¶ 1).[1] Respondent filed a Rule 12(b)(1) Motion to Dismiss, arguing that this Court lacked subject-matter jurisdiction

---

[1] After a bench trial, Young was convicted of gross sexual imposition and abduction. (Doc. 1 ¶ 5).

1

because Young was not "in custody" as required by 28 U.S.C. §§ 2241(c)(3) and 2254(a). (Doc. 6 PAGEID 16–17 (citing *Hautzenroeder v. DeWine*, 887 F.3d 737, 741 (6th Cir. 2018)).[2] In an R&R issued on October 10, 2023, the Magistrate Judge agreed that *Hautzenroeder* required that the Madison County Sheriff be dismissed with prejudice as a party to this case. (*See* Doc. 16 PAGEID 704). But because Young filed his Petition while he was still on community control, the Magistrate Judge observed that "[t]he Court would therefore entertain a motion to substitute the Butler County Court of Common Pleas[.]" (Id.).

On October 25, 2023, Young filed a "Motion to Add Respondent [Butler County Common Pleas Court] **and to Maintain the Habeas Action against Respondent Swaney**". (Doc. 19 (bold emphasis added)). The Magistrate Judge then filed a Supplement (Doc. 20) (on October 27, 2023) to his October 10, 2023 R&R in which he granted Young's (tardy) Motion to Add (Doc. 19) but reiterated his recommendation that the Madison County Sheriff be dismissed:

> Petitioner "persists in maintaining this action against the Madison Sheriff as a respondent." (ECF No. 19, PageID 710). But there is Sixth Circuit precedent squarely to the contrary. In *Hautzenroeder v. DeWine*, 887 F.3d 737 (6$_{th}$ Cir. 2018), [    ] being required to register and report under the Adam Walsh Act does not constitute being "in custody" for purposes of habeas corpus. To the same effect is *Leslie v. Randle*, 296 F.3d 518 (6th Cir. 2002). In the Report and Recommendations recommending dismissal of the Madison County Sheriff [Doc. 16], <u>the Magistrate Judge cited *Hautzenroeder*, but Petitioner has failed to discuss or even cite it.</u> Because it remains binding published precedent of the Sixth Circuit, the Magistrate Judge "persists" in his recommendation that the Madison County Sheriff, John Swaney, be dismissed as a respondent. If there are aspects of [    ] Adam Walsh reporting that

---

[2] Young did not respond.

2

> Petitioner wishes to challenge as unconstitutional, he may be able to make that challenge in a case under 42 U.S.C. § 1983, but not in habeas corpus.

(Doc. 20 PAGEID 713–14 (footnote omitted) (underline emphasis added)).

**Petitioner's timely objection to the Magistrate Judge's (October 27, 2023) Supplement.** Although Young finally acknowledged *Hautzenroeder* in his Objection (Doc. 22), he insisted that it is wrongly decided.[3] He explained that the Third Circuit[4] had (subsequently) reached a "contrary" conclusion and advised that the United States Supreme Court would decide soon whether to resolve this circuit conflict.[5] The Supreme Court denied the petition for certiorari[6] on which Young pinned his hopes, however, and the undersigned dismissed Madison County Sheriff John R. Swaney from this case on December 11, 2023.[7]

---

[3] "*Hautzenroeder* overlooks Ohio law that sex registration under the Adam Walsh Act [AWA] is a criminal sanction, imposed at sentencing, that must be included in the judgment. *State v. Halsey*, 12th Dist., 2016-Ohio-7990, ¶13; R.C. 2929.23(B). In that way, it is like a prison term, a probation term, or parole. The Madison Sheriff, then, is enforcing Young's criminal judgment by requiring his AWA registration duties. That cannot be construed as a collateral consequence because it is a *direct consequence* of the criminal judgment. Young is therefore in custody under § 2254 under Ohio law." (Doc. 22 PAGEID 718 (italics emphasis in original)).

[4] *Piasecki v. Court of Common Pleas, Bucks Cnty., PA*, 917 F.3d 161 (3d Cir. 2019).

[5] *Clements v. Florida*, 59 F.4th 1204 (11th Cir. 2023), *petition for cert. filed*, (U.S. Aug. 1, 2023) (No. 23-107).

[6] *See Clements v. Florida*, 59 F.4th 1204 (11th Cir.), *cert. denied*, No. 23-107, 144 S.Ct. 488 (Mem), 2023 WL 8531893 (Dec. 11, 2023).

[7] (*See* Doc. 25 PAGEID 1435 ("Young's disagreement aside, the majority opinion in *Hautzenroeder* is binding Sixth Circuit precedent that this district court—sitting in Ohio—must apply. Accordingly, the Court: **ACCEPTS** and **ADOPTS** the Magistrate Judge's October 10, 2023 Report and Recommendations (Doc. 16), as supplemented (Doc. 20); **OVERRULES** Petitioner's objections (Docs. 19, 22); and **GRANTS** Respondent's Motion to Dismiss (Doc. 6) filed pursuant to Fed. R. Civ. P. 12(b)(1). Madison County Sheriff John R. Swaney is hereby dismissed with prejudice from this case.")).

3

## II. PENDING R&Rs

**The December 27, 2023 R&R.** As background, the Magistrate Judge directed (new Respondent) the Butler County Court of Common Pleas to file an answer conforming to the requirements of Rule 5 of the Rules Governing Section 2254 Cases. (Doc. 21, Amended Order for Answer, entered 10/27/2023). It complied on November 29, 2023, also asserting two affirmative defenses. (Doc. 24). First, Respondent contends that this Court lacks subject-matter jurisdiction over Young's Petition because he was not "in custody" at the time he filed his motion to add the Butler County Court of Common Pleas; rather, he "was only subject to the collateral consequence of the sex offender registration[,]" which, under *Hautzenroeder*, does not qualify as "in custody". (Id. PAGEID 1427–28). Young cannot rely on Fed. R. Civ. P. 15(c)(1)(C) to relate back, moreover, because he asked to *add* the Butler County Court of Common Pleas as a respondent *along with* Madison County Sheriff Swaney. (Id. PAGEID 1428).[8] Second, Respondent maintains that Young's Petition should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it is time-barred. (Id. PAGEID 1428–29). A one-year period of limitation applies to an application for a writ of habeas corpus, which begins on the date that judgment becomes final "by the conclusion of direct review[.]" 28 U.S.C. § 2244(d)(1)(A). Young timely filed his petition against the Madison County Sheriff on January 17, 2023. But his motion to add the Butler County Court of Common Pleas was not filed until October 25, 2023, and, in the Sixth Circuit, "claims against *additional* parties do not relate back." (Doc. 24 PAGEID 1429 (quoting *Ham v. Sterling Emergency Servs. of the Midwest*, *Inc.*,

---

[8] Fed. R. Civ. P. 15(c)(1)(C) provides in pertinent part, "An amendment to a pleading relates back to the date of the original pleading when: . . . the amendment **changes the party or the naming of the party** against whom a claim is asserted[.]" (Bold emphasis added).

4

575 F. App'x 610, 615 (6th Cir. 2014) (italics emphasis in the original) (citing, *inter alia*, *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010)))).

Young had 21 days, or until December 20, 2023, to file a reply to the Butler County Court of Common Pleas' Answer. (Amended Order for Answer, Doc. 21 PAGEID 717 ("Petitioner may, not later than twenty-one days after filing of the answer, file and serve a reply to the answer.")). He filed nothing. On December 27, 2023, because the application was ripe for decision, the Magistrate Judge found both affirmative defenses to be well-taken and recommended that Respondent Butler County Court of Common Pleas (likewise) be dismissed with prejudice. (Doc. 26 PAGEID 1437). He also recommended that Young be denied a certificate of appealability[9]. (Id. PAGEID 1438).

**The February 2, 2024 R&R.** Young did not file an objection to the December 27, 2023 R&R, but (within the 14-day period to object) he did file a Motion for a Certificate of Appealability "on the Ohio sex-offender custody question." (Doc. 27 PAGEID 1439). He explains:

> *First*, there is a circuit split on whether sex-offender reporting is custody under habeas. *Piasecki v. Court of Common Pleas, Bucks Cnty., PA*, 917 F.3d 161 (3rd Cir. 2019). This shows that actual jurists, not just reasonable ones, debate whether sex-offender reporting is custody under habeas. *Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000).

---

[9] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. . . ." Rule 11(a) of the Rules Governing § 2254 Cases in the United States District Courts. "In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court[,] . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). . . . If the district judge has denied the certificate, the applicant may request a circuit judge to issue it." Fed. R. App. P. 22(b)(1).

> *Second*, the 6th Circuit misunderstood Ohio law in holding that sex-offender reporting is collateral to criminal punishment. Instead, Ohio's sex-offender duties are punishment that must be included in the sentencing judgment for enforcement. See, e.g., *State v. Emanuel*, 1st Dist. C-190450, 2021-Ohio-448, ¶5 ("This court has held repeatedly that any tier classification under Ohio's version of the Adam Walsh Act is a criminal sanction that is part of the sentence and must be set forth in the sentencing entry to be effective.[").] Ohio defines state law, and its decision to prescribe sex reporting as punishment, not a collateral consequence, is binding on federal courts.

(Id. PAGEID 1439–40 (italics emphasis in the original)). Respondent Butler County Court of Common Pleas filed a memorandum in opposition. (Doc. 28). The Magistrate Judge thereafter entered an R&R on February 2, 2024, in which he renewed his recommendation that a certificate of appealability be denied:

> The Magistrate Judge agrees that *Piasecki* is a well-reasoned opinion relying on relevant Supreme Court decisions interpreting the "custody" requirement for habeas corpus. <u>But *Piasecki* is irrelevant to the issue of a certificate of appealability in this case.</u> What it shows is that reasonable jurists can disagree about the meaning of "custody" in habeas corpus jurisprudence <u>generally</u>. <u>What it does **not** show is that any reasonable jurist would conclude that sex offender registration is sufficient custody in the Sixth Circuit so long as *Hautzenroeder* is controlling law here.</u> As a published opinion of the Sixth Circuit precisely [o]n point, it must be followed by all District Court[s] and all subsequent panels unless overruled *en banc*. See *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) ("A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this court sitting *en banc* overrules the prior decision."). <u>While reasonable jurists might debate the meaning of custody in general, it is indisputable that sex offender registration is not custody in the Sixth Circuit now.</u>
>
> The requirement for a certificate of appealability on the part of an unsuccessful habeas petitioner is an unusual aspect of habeas law. Ordinarily any [un]successful litigant in the District Court can appeal. The requirement was added to Title 28 as part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No[.] 104-132, 110 Stat. 1214)(the "AEDPA"). As enacted, it imposes an obligation on the courts of appeal[s], but those courts promptly

6

> "delegated" the initial decision to the districts courts and that delegation is now codified in the Rules Governing § 2254 Cases. If a district court errs in denying a certificate, the court of appeals retains de novo authority to grant a certificate. If that court were to adopt a broader understanding of the criteria for appeal (if, for example, the reviewing judge wanted to give the en banc court an opportunity to overrule *Hautzenroeder*), they could grant a certificate with little risk of reversal. <u>Our task, however, is narrower. If *Hautzenroeder* did not exist and there were other district courts which had ruled as the *Pi[a]s[e]cki* court did, the undersigned would have no hesitation in recommending a certificate. But that is not our situation.</u>
>
> Respondent Butler County Court of Common Pleas points out that *Pi[a]s[e]cki* is an outlier (ECF No. 28 PageID 1442, citing *Clement[s] v. Florida*, 59 F.4th 1204[, 1212] (11th Circ. 2023)("The great majority of the circuit courts have held that persons subject to sexual offender registration and reporting statutes are not 'in custody' for purposes of habeas corpus relief[.")]).
>
> Butler County also notes [ ] the fact that Ohio treats offender registration as punishment and imposes it as part of the criminal judgment is not determinative of custody. (ECF No. 28, PageID 1442, citing *Corridore v. Washington*, 71 F.4th 491, 496 (6th Cir. 2023)). A fine imposed as part of a criminal judgment is obviously punitive, but that does not make it custodial.

(Doc. 29 PAGEID 1447–48 (bold emphasis in original) (underline emphases added)).

**Legal Standard.** "A certificate of appealability may issue only if the petitioner makes 'a substantial showing of the denial of a constitutional right.'" *Dufresne v. Palmer*, 876 F.3d 248, 252 (6th Cir. 2017) (quoting 28 U.S.C. § 2253(c)(2)). "A petitioner may meet this standard by showing that reasonable jurists could debate whether the petition should have been determined in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Id. at 252–53 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983))). "If the petition was denied on procedural grounds, **the petitioner must show**, 'at least, that jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right and **that jurists of reason would find it debatable whether the district court was correct in its procedural ruling**.'" Id. (bold emphases added).

As noted earlier, the Court dismissed Madison County Sheriff John R. Swaney from Young's petition for lack of subject-matter jurisdiction on December 11, 2023. (Doc. 25). It did not reach Young's underlying constitutional claims. To merit a certificate of appealability, then, Young must show "that jurists of reason" would find this Court's predicate jurisdictional ruling "debatable".[10]

**Analysis of Petitioner's Objections to the February 2, 2024 R&R**. Young timely filed objections to the February 2, 2024 R&R. (Doc. 30).[11] In support of his argument that "[t]he 'in custody' question is debatable (and in fact debated) by reasonable circuit judges across the country[,]" he begins:

> Magistrate Judge Merz was correct when he acknowledged that "reasonable jurists can disagree about the meaning of 'custody' in habeas corpus jurisprudence." Doc. 29 at 2. That should resolve the request for a certificate of appealability here.

(Doc. 30 PAGEID 1454). Young has materially misquoted the Magistrate Judge, however, by leaving out a critical adverb ("generally") that ends the sentence. And by omitting the sentence that follows:

> What [*Piasecki*] shows is that reasonable jurists can disagree about the meaning of "custody" in habeas corpus jurisprudence <u>generally</u>. <u>What it does **not** show is that any reasonable jurist would conclude</u>

---

[10] "The 'in custody' requirement of 2254(a) is jurisdictional, so we must address it first and before any merits-related matters like the applicable statute of limitations." *Clements v. Florida*, 59 F.4th 1204, 1209 (11th Cir. 2023) (citing, *inter alia*, *Maleng v. Cook*, 490 U.S. 488, 490 (1989)).

[11] Respondent Butler County Court of Common Pleas timely responded to Young's objections. (Doc. 31).

<u>that sex offender registration is sufficient custody in the Sixth Circuit so long as *Hautzenroeder* is controlling law here.</u>

(Doc. 29 PAGEID 1447 (bold emphasis in original) (underline emphases added)). Continuing, Young claims that both the Sixth Circuit (in *Corridore v. Washington*) and the Third Circuit (in *Piasecki*) "understood that the custody analysis does not turn on bright-line rules." (Id. PAGEID 1454). But this is not an accurate statement, at least as to Adam Walsh Act reporting. In the Sixth Circuit, a bright line *was* drawn in *Hautzenroeder* (decided in 2018 before *Piasecki*), which was cited with approval in *Corridore* (decided in 2023 *after Piasecki*).[12]

---

[12] In *Corridore*, the Sixth Circuit determined that a convicted (but released from prison and discharged from parole) Michigan sex offender subject to lifetime registration and electronic monitoring was not "in custody" for purposes of habeas corpus jurisdiction. Quoting from the majority opinion:

> Most would agree that the[ lifetime electronic monitoring] requirements are intrusive and beyond what the typical person is subjected to. But that's not the question. The question is whether all these requirements limit Corridore's physical movement to the point that they are severe restraints on liberty. *See Hautzenroeder*, 887 F.3d at 741. They're not. They are simply collateral consequences of conviction. And our caselaw shows why.
>
> **In *Hautzenroeder*, we evaluated Ohio's similar sex-offender registration laws.** Because of Hautzenroeder's offense, she had to live more than 1,000 feet away from school premises. *See* Ohio Rev. Code § 2950.034(A)–(B). She had to personally register with the sheriff of the county in which she lived, worked, and went to school. *Id.* § 2950.04. And as a Tier III sex offender in Ohio, Hautzenroeder's in-person registration process restarted every ninety days—meaning Hautzenroeder had to check in with the sheriff four times a year. *Id.* § 2950.06(A), (B)(3), (C)(1). Hautzenroeder also had to provide a host of information for Ohio's internet registry—things like travel documents, license plate numbers, DNA specimen, and mental health treatment. *Id.* §§ 2950.04(B), (C), 2950.13(A), 2950.14(B). And the sheriff was required by statute to let the surrounding community know that Hautzenroeder was a sex offender. *Id.* § 2950.11(A). And if Hautzenroeder violated these requirements, she faced potential prison time. *Id.* § 2950.99(A)(1).
>
> **Even in the face of all these requirements, we said that Ohio's sex-offender registration requirements were collateral consequences of conviction rather than severe restraints on liberty. We explained that "Hautzenroeder's freedom of movement [wa]s unconstrained, her registration and reporting obligations notwithstanding."** *Hautzenroeder*, 887 F.3d at 741. . . .
>
> **Addressing Hautzenroeder's arguments, we noted that any criminal conviction resulting from violating the registration requirements would be a separate criminal violation—not a continuation of the initial sex offense.**

9

Young contends that "[e]ven where a claim is 'barred by circuit precedent,' '[s]o long as there remains the possibility of en banc reconsideration and Supreme Court review, circuit law does not completely foreclose all avenues for relief.'" (Doc. 30 PAGEID 1456 (quoting *Harris v. Johnson*, 376 F.3d 414, 418–19 (5th Cir. 2004)). *Harris* does not stand for this proposition; rather, this is one of four arguments made by a death row inmate, all of which were rejected. Nevertheless, the undersigned is not persuaded that the points made by Judge Moore in her dissent in *Corridore* portend the "possibility" of *en banc* reconsideration of *Hautzenroeder*.

The majority begins its analysis by noting that "Corridore makes two arguments on appeal. First, he says that Michigan's LEM[13] renders him 'in custody.' Second, he argues that even if LEM alone doesn't satisfy the custody requirement, SORA[14] either alone or along with LEM does." 71 F.4th at 494. As for LEM, the majority determined that Michigan's monitoring requirements, though "intrusive," did not "limit Corridore's physical movement to the point that they are severe restraints on liberty." Id. at 497 (citing *Hautzenroeder*, 887 F.3d at 741). The majority thereafter determined that "Corridore forfeited any argument he had on SORA by not raising it below." Id. at 499. "But even if we reached his arguments on SORA, we'd come out the same way." Id. at 500–01 (citing *Hautzenroeder*). The majority also was unpersuaded by Corridore's "alternative [and

---

*Hautzenroeder*, 887 F.3d at 743 (explaining that this was not "reimprisonment stemming from her original conviction"). **And the fact that the requirements were part of the sentence didn't tell us anything about the "in custody" requirement.** *Id.* at 744 ("Whether a registration scheme is punitive for ex post facto purposes leaves unanswered the 'in custody' question.").

71 F.4th at 497–98 (footnote omitted) (bold emphases added).

[13] LEM is an acronym for "lifetime electronic monitoring".

[14] SORA is an acronym for "Sex Offenders Registration Act".

likewise forfeited] argument that even if SORA alone or LEM alone isn't enough to meet the 'in custody' requirement, the combination of the two is." Id. at 501. "[N]either LEM nor SORA encompasses custodial requirements. So the combination of LEM and SORA—both collateral consequences—doesn't do much to get Corridore closer to the mark." Id.

At no point in her dissent does Judge Moore say that *Hautzenroeder* is wrongly decided. Rather, she would hold "that being subject to LEM alone, even absent the burdens of SORA, is sufficient to place an individual 'in custody' for purposes of federal habeas jurisdiction." Id. at 507 (Moore, J., dissenting). That said, and in contrast to the majority's view, Corridore "did not concede that the burdens of SORA in combination with LEM do not constitute custody[ ]" and "nothing in the text of the district court's certificate of appealability suggests that Corridore's argument about the combined restraints of LEM and SORA is not properly before this court." Id. (citations to the record omitted). True, Judge Moore credits *Piasecki* as "particularly instructive in analyzing the restraints imposed by SORA." But her topic sentence reads, "SORA's requirements, **in combination with LEM**, constitute a significant restraint on Corridore's liberty and thus he is 'in custody' for purposes of federal habeas jurisdiction." Id. at 508–09 (bold emphasis added). She then distinguishes *Hautzenroeder*:

> The majority's reliance on *Hautzenroeder* is inapposite. It is true that *Hautzenroeder* held that the restrictions of Ohio's sex offender registry statute were not custodial. 887 F.3d at 741. *Hautzenroeder,* however, **did not consider the cumulative burdens of sex-offender registry and LEM.** And the petitioner in *Hautzenroeder* claimed only that the requirements of registry 'chill[ ] registrants' freedom of movement,' *id.*, whereas Corridore has demonstrated that both LEM and the reporting requirements of SORA represent physical restraints on his liberty. **Ohio's sex-offender registration scheme, as reviewed in *Hautzenroeder,* is**

11

> **not 'almost identical' to SORA as the majority claims, Maj. Op. at 501, because the Ohio scheme did not involve in-person reporting requirements, unlike the burdensome in-person reporting requirements of [Michigan's] SORA.**

Id. at 510 (bold emphases added). All in all, the Court is hard put to find anything in Judge Moore's dissent that heralds *en banc* review of *Hautzenroeder*.

Finally, Young asserts that "the ongoing circuit split over the 'in custody' issue makes Supreme Court review foreseeable." (Doc. 30 PAGEID 1456). But wishing doesn't make it so.[15] *Piasecki* is an outlier[16] and, as noted, the Supreme Court very recently declined review (without comment, as is typical). *See Clements v. Florida*, 59 F.4th 1204 (11th Cir.), *cert. denied*, 144 S.Ct. 488 (2023). Perhaps the reality that "sex offender and registration statutes differ (sometimes greatly) from state to state and change over time[]"[17] played a role.

## III. CONCLUSION

The Court **ACCEPTS** the recommendations made by the Magistrate Judge in both his December 27, 2023 Report and Recommendations (Doc. 26) and his February 2, 2024 Report and Recommendations (Doc. 29), such that:

---

[15] Lev Grossman, The Magicians (2009).

[16] *Clements*. 59 F.4th at 1212 ("As noted, the great majority of the circuits have held that persons subject to sexual offender registration and reporting statutes are not 'in custody' for purposes of habeas corpus relief. *See Williamson v. Gregoire*, 151 F.3d 1180, 1183–84 (9th Cir. 1998) (Washington); *Henry v. Lungren*, 164 F.3d 1240, 1241–42 (9th Cir. 1999) (California); *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999) (Oregon); *Leslie v. Randle*, 296 F.3d 518, 521–23 (6th Cir. 2002) (Ohio); *Virsnieks v. Smith*, 521 F.3d 707, 719–20 (7th Cir. 2008) (Wisconsin); *Wilson*[ *v. Flaherty*], 689 F.3d [322,] 335–39 [(4th Cir. 2012)] (Texas and Virginia; *Calhoun v. Att'y Gen. of Colo.*, 745 F.3d 1070, 1073–74 (10th Cir. 2014) (Colorado); *Sullivan v. Stephens*, 582 F. App'x 375, 375 (5th Cir. 2014) (Texas); *Hautzenroeder v. Dewine*, 887 F.3d 737, 739–40 (6th Cir. 2018) (Ohio); *Munoz v. Smith*, 17 F.4th 1237, 1244 (9th Cir. 2021) (Nevada). Only the Third Circuit has come to a contrary conclusion. *See Piasecki v. Ct. of Common Pleas, Bucks Cnty., Pa.*, 917 F.3d 161, 177 (3d Cir. 2019) (Pennsylvania).) (footnote omitted).

[17] *Clements*, 59 F.4th at 1212.

1. Respondent Butler County Court of Common Pleas is hereby dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability on this issue.

2. Petitioner's objections (Doc. 30) to the February 2, 2024 R&R are overruled. Petitioner's Motion for a Certificate of Appealability (Doc. 27) (on the Ohio sex-offender custody question as it relates to the Court's December 11, 2023 Order (Doc. 25) dismissing Respondent Madison County Sheriff John R. Swaney) is hereby **DENIED**.[18]

3. Petitioner's Petition (Doc. 1) is hereby dismissed, and this matter is now **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED**.

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

---

[18] Respondent Butler County Court of Common Pleas argues (in its response to Young's objections) that Young is forever precluded from seeking a certificate of appealability on this issue because the Court's December 11, 2023 Order dismissing Sheriff Swaney was not a "final" order. (Doc. 31 PAGEID 1462–63). But it *was* final as to Sheriff Swaney and this Court is obliged to "issue or deny a certificate of appealability" in connection therewith. *See* Rule 11(a) of the Rules Governing § 2254 Cases in the United States District Courts. *Pouncy v. Palmer*, 993 F.3d 461, 465 (6th Cir. 2021), cited by Butler County, examined whether collateral orders—such as orders denying bail while a petitioner's petition is under consideration--require a certificate of appealability. They do not. Id.